United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-51420
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRIGO FLORES-LUEVANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-335-ALL
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rodrigo Flores-Luevano (Flores) appeals the 41-month
sentence imposed following his plea of guilty to illegally
reentering the United States after deportation.  Flores argues
that his sentence is unreasonable and greater than necessary to
meet the sentencing goals of 18 U.S.C. § 3553(a).  He does not
challenge the calculation of his guidelines sentencing range.

A sentence, such as Flores's, "within a properly
calculated Guideline range is presumptively reasonable."
United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We note that, at sentencing, the district court specifically referenced the Sentencing Reform Act of 1984, which sets out the sentencing goals found in § 3553(a). The district court's written statement of reasons also stated that the district court had considered the factors found in § 3553(a). We conclude that Flores has failed to demonstrate that his properly calculated guidelines sentence was unreasonable. See Alonzo, 435 F.3d at 554; United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Flores also challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Flores's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Flores contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Flores properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.